UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARINI TAZAMISHA STURNS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-2533-B |
| | § | |
| THE KROGER COMPANY; | § | |
| KROGER SPECIALITY INFUSION; | § | |
| and; RYAN MCGRATH, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Kroger Specialty Infusion, The Kroger Company, and Ryan McGrath (collectively, "Kroger")'s Motion to Dismiss Plaintiff Marini Tazamisha Sturns's Amended Complaint (Doc. 24) and Sturns's Motion to Strike (Doc. 30). For the following reasons, the Court **DENIES** Kroger's Motion to Dismiss, and the Court **DENIES AS MOOT** Sturns's Motion to Strike.

### I.

### BACKGROUND

This is an employment discrimination case. Sturns was previously an employee of Kroger Specialty Infusion, a subsidiary of the Kroger Company. *See* Doc. 15, Am. Compl., ¶¶ 14, 22, 103. This is not the first lawsuit Sturns has filed suit asserting claims against Kroger. On September 28, 2021, Sturns filed her initial lawsuit ("Lawsuit #1") against Kroger asserting a claim of race discrimination under 42 U.S.C. § 1981. Doc. 24, Mot. Dismiss, 2; *see also* Doc. 15, Am. Compl., 2 n.2. On October 13, 2022, the court in Lawsuit #1 dismissed the case without prejudice. Doc. 24,

Mot. Dismiss, 3. The judge in Lawsuit #1 subsequently entered a final judgment. Doc. 35-2, Ex. B, 6.

On August 26, 2022, Sturns filed another lawsuit ("Lawsuit #2"), this time alleging that Kroger violated Title VII and the Texas Labor Code. Doc. 24, Mot. Dismiss, 3; *see also* Doc. 15, Am. Compl., 2 n.2. On August 16, 2023, the court in Lawsuit #2 dismissed the suit without prejudice because Sturns had engaged in impermissible claim splitting by filing Lawsuit #2 while Lawsuit #1 was still pending. Doc. 24-1, Ex. A, 10. The court subsequently entered a final judgment in Lawsuit #2. Doc. 35-1, Ex. A, 7.

On November 15, 2023, Sturns initiated the present suit against Kroger, asserting claims under 42 U.S.C. § 1981 for a hostile work environment, race discrimination, forced termination, and retaliation. Doc. 15, Am. Compl., ¶¶ 116–47. Kroger moves to dismiss Sturns's Amended Complaint, arguing that she has again engaged in impermissible claim splitting and alternatively moves to transfer the case to the presiding judge of Lawsuit #1. Doc. 24, Mot. Dismiss, 1–2. Sturns moves to strikes Kroger's Motion to Dismiss and argues that she has not engaged in claim splitting because Lawsuit #2 was dismissed before she filed the present suit. Doc. 30, Mot. Strike, 4. The Court considers the Motions below.

## II.

## ANALYSIS

A. *Sturns Did Not Engage in Claim Splitting When She Filed the Present Lawsuit.*

Kroger moves to dismiss Sturns's Amended Complaint based on alleged claim splitting. Doc. 24, Mot. Dismiss, 1. "Claim-splitting occurs when a single 'cause of action' is split by advancing one part in an initial suit and another part in a later suit." *Ameritox, Ltd. v. Aegis Scis. Corp.*, No.

CIV.A.3:08-CV-1168-D, 2009 WL 305874, at *4 (N.D. Tex. Feb. 9, 2009) (Fitzwater, C.J.) (quoting *FDIC v. Nelson*, 19 F.3d 15, 1994 WL 93409, at *2 n.5 (5th Cir. Mar. 15, 1994) (per curiam)). "A main purpose behind the rule . . . is to protect the defendant from being harassed by repetitive actions based on the same claim." *Super Van Inc. v. City of San Antonio*, 92 F.3d 366, 371 (5th Cir.1996). A plaintiff who "files a second complaint alleging the same cause of action as a prior, pending, related action, may have their second complaint dismissed." *Friends of the Earth, Inc. v. Crown Cent. Petroleum Corp.*, 95 F.3d 358, 362 (5th Cir. 1996) (citation omitted).

Sturns did not engage in claim splitting because she had no other lawsuit pending when she filed the present suit. Lawsuit #1 was dismissed with a final judgment closing the case on October 13, 2022. Doc. 35, Ex. B, 5–6. Lawsuit #2 was then dismissed with a final judgment closing the case on August 16, 2023. Doc. 24-1, Ex. A, 10. And Sturns filed the present suit on November 15, 2023. Doc. 1, Compl. Thus, because Sturns had no other related action pending when she initiated the present suit, Sturns did not engage in claim splitting by filing this lawsuit. *See Friends of the Earth*, 95 F.3d at 362. Accordingly, the Court denies Kroger's Motion to Dismiss Sturns's Amended Complaint.

B. *The Court Denies Kroger's Request to Transfer the Case to the Presiding Judge in Lawsuit #1.*

Alternatively, Kroger moves to transfer this case to the presiding judge in Lawsuit #1 pursuant to the first-to-file rule as Kroger believes there will be substantial overlap between this case and Lawsuit #1. Doc. 24, Mot. Dismiss, 6. "Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) (citations omitted). "The first-to-file rule only applies in instances where

there are concurrent, *pending* proceedings in different federal courts." *SIMO Holdings, Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*, No. 2:20-CV-00003-JRG, 2020 WL 6889173, at *4 (E.D. Tex. Nov. 24, 2020) (emphasis added).

Here, the first-to-file rule does not apply because Lawsuits #1 and #2 were dismissed with final judgments closing the suits *before* Sturns filed the present suit. *See id.* Thus, there were no other actions pending when she initiated this litigation. Therefore, the Court denies Kroger's request to transfer this case to the presiding judge in Lawsuit #1.

### III.
### CONCLUSION

For the reasons discussed above, the Court **DENIES** Kroger's Motion to Dismiss the Amended Complaint (Doc. 24). Further, the Court **DENIES AS MOOT** Sturns's Motion to Strike (Doc. 30).

**SO ORDERED**.

**SIGNED: July 22, 2024**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE